UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN COSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:99CV534 HEA |
| | ) | |
| DAVE DORMIRE and JEREMIAH W. | ) | |
| "JAY" NIXION[1] | ) | |
| | ) | |
| Respondents, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Relief from Judgment, [Doc. No. 39], Petitioner's Motion for Appointment of Counsel, [Doc. No. 49], and Petitioner's Motion for Hearing, [Doc. No. 50]. For the reasons set forth below, the Motion for Relief from original judgment is granted, however, Petitioner's Petition for Writ of Habeas Corpus is denied, as provided herein. The Motions for Appointment of Counsel and for Hearing are denied.

### **Procedural Background**

On April 2, 1999, Petitioner filed this action seeking relief pursuant to 28 U.S.C. § 2254. The case was originally assigned to Magistrate Judge Terry I.

---

[1] Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254.

Adelman. A request was received for random reassignment of the case to a district judge. The case was thereupon reassigned to District Judge Charles A. Shaw. On May 25, 1999, Judge Shaw referred the matter to Magistrate Judge David D. Noce for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b). Judge Noce entered a Report and Recommendation on October 30, 2001. Petitioner filed written objections to the Recommendation. Judge Shaw, after conducting a *de novo* review of those portions of the Recommendation to which Petitioner objected, adopted Judge Noce's Recommendation and denied the Petition for Habeas Corpus relief. Judge Shaw also denied issuance of a Certificate of Appealability. Petitioner appealed. On July 10, 2002, the Eighth Circuit Court of Appeals entered its Judgment. The Appellate Court reviewed the original file of the district court and denied the application for a certificate of appealability.

Petitioner now moves for relief from the judgment entered by this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner moves for such relief because Judge Shaw's brother, Judge Booker T. Shaw, presided over Petitioner's state trial. Respondent has no objection to the Motion based on the provisions of 28 U.S.C. § 455(b)(iii). The Court agrees with Respondent's analysis that the public confidence in the judicial process requires that the Motion be

granted. Because Judge Shaw's substantive involvement in this matter is limited to the *de novo* review of those portions of the Report and Recommendation to which Petitioner objected, this Court's involvement will likewise be so limited. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

> established federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached by
> [the U.S. Supreme Court] on a question of law or if the state court
> decides a case differently than [the U.S. Supreme Court] has on a set of
> materially indistinguishable facts. Under the 'unreasonable application'
> clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from [the U.S. Supreme
> Court's] decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See

also, *Bell-Bey v. Roper*, __ F.3d __, 2007 WL 2376597 (8th Cir. August 17, 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of

controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## Discussion

Petitioner objected to Judge Noce's finding that counsel was not ineffective for failing to object to the line-up and in-court identification of Petitioner by the victim of the robbery for which Petitioner was convicted. The state court determined that Petitioner failed to overcome the presumption that the conduct in question might be considered sound trial strategy. *Strickland*, 466 U.S. at 688. The state court also found that the lineup was not impermissibly suggestive.

Challenges to identifications are reviewed under a two-step test: The first step is to determine whether the challenged confrontation between the witness and the suspect was "impermissibly suggestive"; if so, the second inquiry is whether, under the totality of the circumstances, the suggestive confrontation created "a very substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977). Those identifications which are reliable -- where the witness's perception of the suspect unaided by the suggestive confrontation provided a sufficient foundation for the identification -- are admissible. Reliability "is the linchpin in determining the admissibility of identification testimony." *Id.* at 114. Exclusion is required only where there is

"'a very substantial likelihood of irreparable misidentification.'" *Id*. (quoting *Simmons v United States*, 390 U.S. 377, 384 (1968). "Short of that point, such evidence is for the jury to weigh." *Id.* Reliability is determined by examining (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention at the time of the crime, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, (5) and the time between the crime and the confrontation. *Manson*, 432 U.S. at 114 (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). Against these factors is to be weighed the corrupting effect of the suggestive identification itself. *Id.*; *Manning v. Bowersox*, 310 F.3d 571, 577 (8th Cir. 2002). Here the state appellate court determined that Wiseman's line-up identification was reliable: He had the opportunity to view petitioner at the time of the crime, his attention was great and the period between the crime and the line up was short. Wiseman was positive of his identification.

Furthermore, the state court found that under state law, the lineup was not impermissibly suggestive simply because the individuals in the lineup had different physical characteristics than Petitioner. Differences in weight, age, height, hairstyle and other physical characteristics do not automatically render the lineup impermissibly suggestive. Petitioner has not shown that the decision of the Missouri

Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required for federal habeas relief under 28 U.S.C. § 2254(d) (2). Cf. *Kane v. Garcia Espitia*, 546 U.S. 9, 11 (2005) (per curiam) (reversing grant of habeas relief where Supreme Court case relied upon did not clearly establish right petitioner claimed was violated). See *Clark v. Caspari*, 274 F.3d 507, 511-12 (8th Cir. 2001) (holding that showup identifications
of robbery suspects by robbery eyewitnesses within half hour of crime were reliable and therefore admissible, despite questionable circumstances surrounding identifications, including showing black suspects in handcuffs while surrounded by white officers and failing to separate eyewitnesses, where eyewitnesses had ample opportunity to observe perpetrators at time of crime, and there was no evidence of police prompting).

"'To sustain a challenge to an out-of-court line-up, the defendant must first show that the procedure employed was impermissibly suggestive. If it was, the court must then determine whether, under the totality of the circumstances, the suggestive procedures created a very substantial likelihood of irreparable misidentification.' *United States v. Ramsey,* 999 F.2d 348, 349 (8th Cir.1993); *see also Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)." *U.S. v. Triplett,*

104 F.3d 1074, 1079-80 (8th Cir. 1997), cert denied *sub nom Triplett v. United States*, 520 U.S. 1236 (1997). Petitioner's objection with respect to the identification by Wiseman is therefore overruled.

Petitioner next objects to Judge Noce's Report in that he found that the state court's determinations on the claim of prior bad acts were not unreasonable. Essentially, Petitioner argues that the state appellate court was incorrect in allowing the admission of evidence that Petitioner had previously borrowed the weapon from Fred Williams. The state court allowed the admission based on its relevancy as to Petitioner's access to the handgun used to commit the crimes. The admission of this evidence had a legitimate basis and corresponds to the federal rules of evidence regarding admission of relevant evidence. Petitioner has failed to establish any basis upon which the Court could conclude that the admission of the evidence that he borrowed the handgun from Williams on prior occasions was contrary to or and unreasonable application of federal law. The objection is therefore overruled.

Likewise, Petitioner's objection with respect to the evidentiary rulings as to the Shereece Beasley's testimony is without merit. Petitioner presents no authority for his objection to Judge Noce's conclusion. This Court agrees with Judge Noce that the state court's evidentiary rulings, if erroneous at all, do not rise to the level required for federal habeas relieve under the due process clause. In order for a

petitioner to meet the due process standard of "conspicuously prejudicial" or "of such magnitude as to fatally infect the trial," Petitioner must show a reasonable probability that the alleged evidentiary errors, affected the trial's outcome. Petitioner has failed to meet this heavy burden.

Petitioner also objects to Judge Noce's findings with respect to his claims that the prosecution presented false testimony and failed to disclose exculpatory evidence. Judge Noce found these arguments to be procedurally barred because Petitioner did not present them to the Missouri Court of Appeals. Petitioner argued in his objections that the recantation of Bryon Jones of Jones' earlier testimony[2] has only come to the knowledge of petitioner since the trial. Currently, Petitioner argues that he should be entitled to amend his petition to include this claim of newly discovered evidence which establishes that he is actually innocent. Under either scenario, Petitioner's argument fails. Though dated December 11, 1997, the recantation was not submit on appeal.

An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo,* 513 U.S. 298, 315,

---

[2] The Court notes that pages 324-326 are missing from the transcript of Petitioner's trial. It is, however, undisputed that Bryon Jones testified that he and Petitioner committed the crimes for which Petitioner was charged.

(1995) (quotation omitted). To establish a valid claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial," and demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 324, 327. "This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction." *Waddington v. United States,* 428 F.3d 779, 783 (8th Cir.2005). See also, *Johnson v. United States,* 278 F.3d 839, 844 (8th Cir.2002) (quoting *McNeal v. United States,* 249 F.3d 747, 749- 50 (8th Cir.2001)).

Petitioner has failed to meet this heavy burden. The victim of one of Petitioner's crimes testified that Petitioner was the robber. He identified Petitioner in a lineup and at trial. Jones' testimony was corroborated by the testimony of Fred Williams that Petitioner had returned his gun to him following the shooting and announced that he "had to shoot it." Furthermore, Jones' recantation is suspect in that, having been convicted and sentenced, he has nothing to lose by trying to exculpate his codefendant. A review of the record before this Court establishes that this "evidence" is not new *vis a vis* the state court proceedings in their entirety; the evidence is of questionable reliability; and Petitioner cannot demonstrate it is more likely than not that no reasonable juror would have convicted him in the light of the

"new" evidence. Petitioner's objections and request to amend his petition are overruled and denied.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Noce that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Brian Cosby for Writ of Habeas Corpus, [Doc. No. 4], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in that, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 17th day of September, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE